IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:06-CV-123-D

| | |
|---|---|
| In the Matter of the Complaint of ) | |
| COZY COVE MARINA, INC., as Owner ) | |
| of a 35' CAROLINA CLASSIC MOTOR ) | **ORDER** |
| VESSEL, HULL ID NO. CAR3509A506, ) | |
| FOR Exoneration from or Limitation of ) | |
| Liability. ) | |

Third-party defendant Carolina Classic Boats, Inc. ("CCB") filed a motion for partial summary judgment against the estate of Samuel Puleo ("Puleo Estate"). CCB also filed a motion in limine seeking to exclude from discovery and evidence a Coast Guard accident report ("Report"). Because the Puleo Estate expressly premises its claim on the Jones Act, 46 U.S.C.A. § 30104, and because the Jones Act limits recovery to pecuniary losses, CCB's unopposed motion for partial summary judgment limiting the Puleo Estate to recovery of pecuniary losses is granted. Additionally, because Congress has expressly excluded the use of the Report in discovery or at the time of trial, CCB's unopposed motion in limine is granted.

I.

CCB manufactured and sold a 35-foot vessel to Cozy Cove Marina, Inc. ("Cozy Cove"). See V. Compl. ¶ 2. The vessel sank on its maiden voyage, killing James Surface and Samuel Puleo who were on board. Id. ¶¶ 3–4. On June 13, 2006, Cozy Cove filed a maritime-law action seeking to limit its liability to the value of the vessel. See id. ¶ 7. In response, on September 21, 2006, the estates of Surface and Puleo filed claims against Cozy Cove. Cozy Cove then filed a claim for indemnity and/or contribution against CCB. See Third-Party Compl. ¶ 8.

On August 8, 2007, CCB moved for partial summary judgment against both estates, seeking

to limit the recovery of each estate to pecuniary losses. CCB argued that recovery by the estate of James Surface ("Surface Estate") was limited to pecuniary losses because the Surface Estate had not invoked diversity jurisdiction to offer any state-law claims, and general federal maritime law limits recovery to pecuniary losses. CCB's Mem. in Supp. of Mot. for Partial Summ. J. 6–8. CCB further argued that recovery by the Surface Estate was limited to pecuniary losses because even if the Surface Estate had offered state-law claims, the decedent was employed as a seaman, and general federal maritime law preempts state-law claims by those employed as seamen, limiting recovery to pecuniary losses. Id. CCB also argued that the Puleo Estate was limited to pecuniary losses because it invoked the Jones Act as the basis for its complaint against Cozy Cove, and the Jones Act limits recovery to pecuniary losses. Id. at 5–6.

In response, the Surface Estate argued that it had pleaded state-law claims, and that it did not need to invoke diversity jurisdiction because the court has supplemental jurisdiction over those claims. Surface Estate's Mem. in Opp'n to Mot. for Partial Summ. J. 6–11. The Surface Estate also argued that the provisions of general federal maritime law limiting recovery to pecuniary losses did not apply to its claim because its decedent was merely a passenger, not a seaman employed on the vessel. Id. at 11–13. CCB acknowledged that the Surface Estate was correct, and withdrew its motion as to the Surface Estate. CCB's Reply 3. CCB's motion for partial summary judgment therefore remains ripe only as to the Puleo Estate, and the Puleo Estate has not filed a response. See id.

II.

Summary judgment is appropriate where there is no disputed issues of material fact. Fed. R. Civ. P. 56(c). The movant bears the initial burden of showing that there is no disputed issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). If the movant meets its burden,

then the opposing party must point to evidence sufficient to support a rational jury decision in the opposing party's favor. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986). To do so, the opposing party must produce "specific facts showing that there is a genuine issue for trial." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (quoting Fed. R. Civ. P. 56(e)) (emphasis removed).

The underlying claim in this case as to the Puleo Estate is based on the Jones Act, 46 U.S.C.A. § 30104 (West 2007).[1] The Jones Act provides that the personal representative of a seaman who dies from injuries sustained in the course of employment shall have a cause of action against the deceased seaman's employer. See 46 U.S.C.A. § 30104(a). Parties claiming under the Jones Act may recover only pecuniary losses. See, e.g., Miles v. Apex Marine Corp., 498 U.S. 19, 32 (1990) ("The Jones Act applies when a seaman has been killed as a result of negligence, and it limits recovery to pecuniary loss."); In re Goose Creek Trawlers, Inc., 972 F. Supp. 946, 948 (E.D.N.C. 1997) ("Under the Jones Act, damages are limited to pecuniary damages.").

Here, the Puleo Estate expressly premises its claim on the Jones Act. See Puleo Estate Answer & Claim 4 ("At all times material hereto, the decedent was a Jones Act seaman, and employed by the Petitioner as a crew member aboard the subject vessel."). Moreover, the Puleo Estate filed nothing in opposition to CCB's motion. The court has reviewed the record. CCB has met its burden of showing that there is no disputed issue of material fact as to what type of damages

---

[1] The Jones Act was formerly codified at 46 U.S.C. § 688. As of October 6, 2006, that section was deleted and the Jones Act was revised and recodified at 46 U.S.C. § 30104. Compare 46 U.S.C.A. § 688 (West Supp. 2007) (indicating section was repealed) with 46 U.S.C.A. § 30104 (West 2007) (providing for civil actions by injured or deceased seamen). Congress did not appear to make any substantive changes to the Jones Act by its changes to the statute. See H.R. Rep. No. 109-170 (2005), reprinted in 2006 U.S.C.C.A.N. 972, 973, 2005 WL 1688342 ("[This bill] codifies existing law rather than creating new law.").

3

the Puleo Estate has a right to collect.[2] CCB's motion for partial summary judgment is granted, and the Puleo Estate is limited to recovery of pecuniary losses.

III.

CCB also moves in limine to exclude a Coast Guard accident report of the incident. CCB's Mot. in Limine 1–2. CCB has reason to believe that at least one of the estates intends to rely on the Report to support its case. Id. CCB argues that the Report is non-discoverable and inadmissible by statute, and moves the court to prohibit the use of "any part" of the Report. Id. at 1–2.

Congress has expressly precluded the use of Coast Guard accident reports in private civil litigation:

> [N]o part of a report of a marine casualty investigation conducted under section 6301 of this title, including findings of fact, opinions, recommendations, deliberations, or conclusions, shall be admissible as evidence or subject to discovery in any civil or administrative proceedings, other than an administrative proceeding initiated by the United States.

46 U.S.C.A. § 6308(a) (West Supp. 2007). Congress enacted this statute to prevent the Coast Guard from becoming embroiled in private litigation resulting from marine accidents. See, e.g., Falconer v. Penn Mar., Inc., 397 F. Supp. 2d 68, 70 (D. Me. 2005) ("The statute's blanket prohibition avoids Coast Guard involvement in later civil proceedings, except as provided in § 6308(b)."). Thus, CCB's unopposed motion to exclude the Report is GRANTED.

---

[2] CCB argued at one point that Puleo had no dependents, and therefore the Puleo Estate has no right to recover damages at all. CCB's Mem. in Supp. of Mot. for Partial Summ. J. 6. CCB did not reiterate this argument in its reply. See generally CCB's Reply. CCB is correct not to do so, because "[pre-death pain and suffering] damages are considered pecuniary damages, recoverable as survival damages to the decedent's estate under both the Jones Act and general maritime law." Neal v. Barisich, Inc., 707 F. Supp. 862, 867 (E.D. La. 1989); see also Puleo Estate Answer & Claim 7 (claiming "[p]re-death pain and suffering" as damages). Therefore, CCB's motion for partial summary judgment does not entirely dispose of the Puleo Estate's claims.

4

IV.

For the reasons explained above, CCB's unopposed motion for partial summary judgment concerning the Puleo Estate is GRANTED. The Puleo Estate is limited to recovery of pecuniary losses. Additionally, CCB's unopposed motion in limine to exclude the Coast Guard accident report is GRANTED.

SO ORDERED. This 5 day of November 2007.

JAMES C. DEVER III
United States District Judge