IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:06-CV-123-D

| | |
|---|---|
| In the Matter of the Complaint of ) | |
| COZY COVE MARINA, INC., as Owner ) | |
| of a 35' CAROLINA CLASSIC MOTOR ) | **ORDER** |
| VESSEL, HULL ID NO. CAR3509A506, ) | |
| for Exoneration from or Limitation of ) | |
| Liability. ) | |

On October 29, 2007, third-party defendant Carolina Classic Boats, Inc. ("CCB") moved for summary judgment on issues of liability against the estate of Samuel Puleo ("Puleo Estate") and the estate of James Surface ("Surface Estate"). The Surface Estate settled its case and filed a stipulation of dismissal, and CCB's motion is accordingly denied as moot with respect to the Surface Estate. The Puleo Estate did not respond to CCB's motion. For the reasons discussed below, CCB's motion is granted with respect to the Puleo Estate.

I.

On a motion for summary judgment, the court must consider the facts in the light most favorable to the non-moving party. See, e.g., United States v. Diebold, Inc., 369 U.S. 654, 655 (1962) (per curiam). In the light most favorable to the Puleo Estate, the facts are as follows:

Cozy Cove Marina, Inc. ("Cozy Cove") is a Florida corporation with its principal place of business in Broward County, Florida. Verified Compl. of Cozy Cove ¶ 1. Cozy Cove purchased a new 35-foot motor vessel from its manufacturer CCB, a North Carolina corporation with its principal place of business in Edenton, North Carolina. Verified Third-Party Compl. of Cozy Cove ¶ 2 [hereinafter "Third-Party Compl."]. Cozy Cove hired Samuel Puleo ("Puleo") to captain the vessel from North Carolina to Florida. Answer, Affirmative Defenses, & Claim of the Estate of Samuel Puleo 5 [hereinafter "Puleo Claim"].

On or about February 5, 2006, Puleo took delivery of the vessel on behalf of Cozy Cove. Third-Party Compl. ¶ 3. Puleo and James Surface ("Surface") put out to sea shortly thereafter, bound for Florida. See id. The vessel sank several hours later, killing both Surface and Puleo. See id. ¶ 4.

II.

Summary judgment is appropriate when, after reviewing the record taken as a whole, no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986). The party seeking summary judgment bears the initial burden of demonstrating the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). Once the moving party has met its burden, the non-moving party may not rest on the allegations or denials in its pleading, but "must come forward with specific facts showing that there is a genuine issue for trial." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (quotation & emphasis omitted). A mere scintilla of evidence supporting the case is not enough. Anderson, 477 U.S. at 252. The court construes the evidence in the light most favorable to the non-moving party and draws all reasonable inferences in the non-movant's favor. Matsushita, 475 U.S. at 587–88.

The Puleo Estate argues that the vessel sank due to the negligence of Cozy Cove and CCB. See Puleo Claim 5–6 (alleging negligence against Cozy Cove); Fed. R. Civ. P. 14(c)(2) ("[T]he action proceeds as if the plaintiff had sued both the third-party defendant and the third-party plaintiff."). The court has reviewed the entire record. CCB has met its burden of demonstrating that there is no genuine dispute of material fact as to this negligence claim by offering evidence that the vessel was properly designed and properly produced, see generally Mac Privott Aff., and by pointing out that the Puleo Estate has presented no evidence at all in favor of its case. See CCB's

Mot. for Summ. J. 4–7. In response, the Puleo Estate has failed to point to specific facts showing that there is a "genuine issue for trial." Fed. R. Civ. P. 56(c). In fact, the Puleo Estate has largely done nothing at all in this action. The Puleo Estate has not submitted any admissible evidence to support its case, and CCB's motion for summary judgment has been unopposed since it became ripe on November 30, 2007.

Although the Puleo Estate failed to respond to CCB's motion for summary judgment, the court has reviewed the entire record. See Custer v. Pan Am. Life Ins. Co., 12 F.3d 410, 415–16 (4th Cir. 1993). The court concludes that this case does not raise a genuine, triable issue of fact as to the Puleo Estate's claim and that CCB is entitled to summary judgment as a matter of law. Id. at 416. Whatever caused the vessel to sink, no rational jury could find that the cause was CCB's negligence without some evidence supporting a negligence claim, and the Puleo Estate has not presented a scintilla of evidence tending to show negligence. See Ausherman v. Bank of Am. Corp., 352 F.3d 896, 900 (4th Cir. 2003) (affirming summary judgment where plaintiffs neglected to produce "any evidence whatsoever" regarding an essential element of their case). Accordingly, CCB's motion for summary judgment is granted as to the Puleo Estate.

III.

For the reasons discussed above, CCB's unopposed motion for summary judgment on issues of liability is DENIED as moot with respect to the Surface Estate, and GRANTED with respect to the Puleo Estate.

SO ORDERED. This 7 day of February 2008.

JAMES C. DEVER III
United States District Judge

3

Case 4:06-cv-00123-D   Document 60   Filed 02/07/08   Page 3 of 3